## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK X. PARSONS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-1096 |
| DONALD HULICK, Warden, | ) |
| Respondent. | ) |

### O R D E R

This matter is now before the Court on Petitioner, Mark Parsons' ("Parsons"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Warden's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#13] is GRANTED, and the § 2254 Petition [#6] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

On July 15, 2002, Parsons pled guilty to first degree murder pursuant to a fully negotiated plea agreement in the Circuit Court of Peoria County. He was sentenced to 40 years' imprisonment. Parsons then filed a motion to withdraw his guilty plea, arguing that he did not understand that he would have to serve 100% of his sentence. His request to withdraw his plea was denied on November 8, 2002, and Parsons appealed. On appeal, Parsons' appointed counsel filed an <u>Anders</u> brief and moved to withdraw from the case. Counsel was allowed to withdraw, and Parsons' conviction and sentence were affirmed by the Illinois Appellate Court on September 12, 2003. He did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

On February 6, 2004, Parsons filed a post-conviction petition with the circuit court under the Illinois Post-Conviction Hearing Act. The State moved to dismiss the petition,

and the petition was dismissed on July 13, 2004. He appealed to the Illinois Appellate Court, and the dismissal of his post-conviction petition was affirmed on January 13, 2006. On January 18, 2006, Parsons filed a PLA to the Illinois Supreme Court, which was denied on March 29, 2006.

Parsons now brings the present action seeking federal review of his state court proceedings. In his Petition, he raises essentially seven arguments: (1) he was denied his right to effective assistance of counsel because his attorney refused to let him testify; (2) he was denied his right to effective assistance of counsel because his attorney failed to conduct adequate pre-trial investigation by interviewing certain witnesses; (3) he was denied his right to effective assistance of counsel because his attorney failed to investigate the crime scene; (4) he was denied his right to effective assistance of counsel because his attorney misrepresented the wishes of his family; (5) he was denied his right to effective assistance of counsel where his attorney had a potential conflict of interest stemming from his attorney's representation of his aunt's ex-husband in a separate matter; (6) he was denied his right to effective assistance of counsel because his attorney did not meet with him enough and smelled of alcohol when they did meet; and (7) he was denied his right to effective assistance of counsel because his attorney failed to adequately investigate a statement by an informant exonerating him. This Order follows.

### DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Parsons alleges that he is entitled to relief because of errors purportedly made by his trial attorney. Parsons makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. To the contrary, he asserts that his claims have been previously made through the state court post-conviction process. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

Parsons' direct appeal became final on October 17, 2003, which is 35 days after the entry of the appellate court's judgment and when his time for filing a PLA expired, and his one-year period of limitations began to run on that date. The clock then ran until February

- 3 -

6, 2004, when he filed his post-conviction petition in the circuit court, thereby tolling the period of limitations. The clock began to tick again on March 29, 2006, when his PLA to the Illinois Supreme Court was denied.[1] Accordingly, the 112 days that elapsed between the time Parsons' direct appeal became final and the filing of his first post-conviction petition plus the additional 384 days that elapsed after the completion of his post-conviction proceedings exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition will be denied as untimely.

## CONCLUSION

For the reasons set forth herein, the State's Motion to Dismiss [#13] is GRANTED, and Parsons' Petition for Writ of Habeas Corpus pursuant to § 2254 [#6] is DISMISSED as untimely. This matter is now terminated.

ENTERED this 16th day of October, 2007.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge

---

[1] Parsons suggests that his post-conviction proceedings were not final until April 20, 2006, when the Illinois Supreme Court issued its mandate. Even if he were correct, his petition would still be untimely. However, he is incorrect as a matter of law, as the issuance of a mandate from the Illinois Supreme Court has no bearing on the running of the period of limitations. Wilson v. Battles, 302 F.3d 745, 747-48 (7th Cir. 2002) (finding that a petitioner's conviction became final and AEDPA's statute of limitations began to run on the date that the Illinois Supreme Court denied his PLA from the denial of his post-conviction petition.)